# Exhibit A

No. _21A01150_

**Date Summons Issued and E-Filed**

3/8/2021

_/s/ Monica Gay_

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Rcd 3/12/21 12:20pm

ADRIAN ALEXANDER, individually and as parent, guardian and next friend of A.A., A.B. and A.C., minor children

Plaintiff's name and address

[X] **JURY**

**vs.**

BURGER KING CORPORATION, PREMIER KINGS OF GEORGIA, INC. and JANE DOE.

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:** Premier Kings of Georgia, Inc., c/o Registered Agent:

Jay Gill, 7078 Peachtree Industrial Blvd, Suite 800, Peachtree Corners, GA, 30071

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Cary S. Wiggins, Wiggins Law Group, LLC

Name

260 Peachtreet St. NW, Suite 401, Atlanta, GA 30303

Address

(404) 659-2880; cary@wigginslawgroup.com          757657

Phone Number          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney          Third Party Attorney

Address          Address

Phone No.          Georgia Bar No.          Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☒ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __DeKalb__ County

| For Clerk Use Only | |
|---|---|
| Date Filed  3/8/2021 | Case Number  21A01150 |
| MM-DD-YYYY | |

**Plaintiff(s)**
Alexander, Adrian (individually and as parent)

| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Burger King Corporation

| Last | First | Middle I. | Suffix | Prefix |

Premier Kings of Georgia, Inc.

| Last | First | Middle I. | Suffix | Prefix |

Jane Doe

| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Cary S. Wiggins   **Bar Number** 757657   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number        Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

## General Civil and Domestic Relations Case Filing Instructions

1. Provide the class of court and county in which the case is being filed.
2. Provide the plaintiff's and defendant's names.
3. Provide the plaintiff's attorney's name and Bar number. If you are representing yourself, provide your own name and check the self-represented box.
4. Provide the type of case by checking only one appropriate box. Cases can be either general civil or domestic relations and only one type of case within those categories. Check the case type that most accurately describes the primary case. If you are making more than one type of claim, check the case type that involves the largest amount of damages or the one you consider most important. See below for definitions of each case type.
5. Provide the type of post-judgment action, if applicable, by checking the appropriate box. Post-judgment cases are those that seek to enforce or modify an existing judgment. If the case is a post-judgment matter, an initial case type in the general civil and domestic relations boxes must be checked.
6. Provide an answer to the four questions by checking the appropriate boxes and/or filling in the appropriate lines.

### Case Type Definitions

#### General Civil Cases

**Automobile Tort:** Any tort case involving personal injury, property damage, or wrongful death resulting from alleged negligent operation of a motor vehicle.

**Civil Appeal:** Any case disputing the finding of a limited jurisdiction trial court, department, or administrative agency.

**Contract:** Any case involving a dispute over an agreement between two or more parties.

**Garnishment:** Any case where, after a monetary judgment, a third party who has money or other property belonging to the defendant is required to turn over such money or property to the court.

**General Tort:** Any tort case that is not defined or is not attributable to one of the other torts.

**Habeas Corpus:** Any case designed to test the legality of the detention or imprisonment of an individual, not the question of guilt or innocence.

**Injunction/Mandamus/Other Writ:** Cases involving a written court order directed to a specific person, requiring that person to perform or refrain from performing a specific act.

**Landlord/Tenant:** Any case involving landlord/tenant disputes wherein the landlord removes a tenant and his/her property from the premises or places a lien on tenant property to repay debt.

**Medical Malpractice Tort:** Any tort case that alleges misconduct or negligence by a person in the medical profession acting in a professional capacity, such as doctors, nurses, physician's assistants, dentists, etc.

**Product Liability Tort:** Any tort case that alleges injury is caused to a person by the manufacturer or seller of an article due to a defect in, or the condition of, the article sold or an alleged breach of duty to provide suitable instructions to prevent injury.

**Real Property:** Any case involving disputes over the ownership, use, boundaries, or value of fixed land.

**Restraining Petition:** Any petition for a restraining order that does not result from a domestic altercation or is not between parties considered to be in a domestic relationship.

**Other General Civil:** Any case in which a plaintiff requests the enforcement or protection of a right or the redress or prevention of a wrong, but does not fit into one of the other defined case categories.

#### Domestic Relations Cases

**Adoption:** Cases involving a request for the establishment of a new, permanent relationship of parent and child between persons not so biologically related.

**Dissolution/Divorce/Separate Maintenance:** Any case involving the dissolution of a marriage or the establishment of alimony or separate maintenance.

**Family Violence Petition:** Any case in which a protective order from a family member or domestic partner is requested.

**Paternity/Legitimation:** Cases involving the establishment of the identity and/or responsibilities of the father of a minor child or the determination of biological offspring.

**Support – IV-D:** Cases filed by the Georgia Department of Human Services to request maintenance of a minor child by a person who is required, under Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Support – Private (non-IV-D):** Cases filed to request maintenance of a parent/guardian or a minor child by a person who is required by law, but who is not under the auspices of Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Other Domestic Relations:** Domestic relations cases, including name changes, that do not adequately fit into any of the other case types.

#### Post-Judgment

**Contempt:** Any case alleging failure to comply with a previously existing court order.

**Modification:** Any case seeking to change the terms of a previously existing court order.

**Other/Administrative:** Any case with post-judgment activity that does not fit into contempt or modification categories.

**Please note:** This form is for statistical purposes only. It shall have no legal effect in the case. The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or court rules. Information on this form cannot be entered into evidence.

Version 1.1.18

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ADRIAN ALEXANDER,          *
individually and as parent, *
guardian and next friend of *
A.A., A.B. and A.C.,       *
minor children,           *
                          *   CIVIL ACTION FILE
        Plaintiffs,       *
                          *   No. 21A01150
        -vs-              *
                          *
BURGER KING CORPORATION,   *
PREMIER KINGS OF GEORGIA,  *
INC., and JANE DOE,        *
                          *   JURY TRIAL DEMANDED
        Defendants.        *

## COMPLAINT

### NATURE OF THE CASE

1.

This is primarily a tortious misconduct case.  When Mr. Alexander and his three children (who are black) walked into a Burger King restaurant in Decatur one afternoon, they were refused service even though white customers were served and dining in the restaurant.  When Mr. Alexander complained to the manager, he was berated with racial epithets by the staff at the restaurant.

### PARTIES

2.

Plaintiff Adrian Alexander is a resident of the State of Georgia.

3.

Mr. Alexander is the parent, guardian and next friend
of A.A., A.B. and A.C. (together "the children").  The
children were seven (twins) and six years old when these
events occurred.

4.

Defendant Burger King Corporation is a Florida
corporation, registered to do business in Georgia and may be
served thorough its registered agent, to-wit:  The
Corporation Company, 112 North Main Street, Cumming, GA
30040.

5.

Defendant Premier Kings of Georgia, Inc. d/b/a Burger
King is a domestic corporation and may be served thorough
its registered agent, to-wit:  Jay Gill, 7078 Peachtree
Industrial Blvd, Suite 800, Peachtree Corners, GA, 30071.
(Burger King Corporation and Premier Kings of Georgia, Inc.
are together referred to as "Burger King.")

6.

Defendant Jane Doe is a fictitious name for the on-duty
Manager at the Burger King located at 3928 Flat Shoals
Parkway, Decatur, Georgia 30034 on the afternoon of July 18,
2020.  At all times relevant to the complaint, Jone Doe was
an employee of Burger King and is subject to the

jurisdiction of this Court.

## VENUE

7.

All acts or omissions alleged in this complaint occurred in DeKalb County and therefore venue is proper.

## JURISDICTION

8.

This Court has subject matter jurisdiction over these claims.

## FACTS

9.

On July 18, 2020, at around lunchtime, Mr. Alexander and his three children, all of whom are black, visited the Burger King located at 3928 Flat Shoals Parkway, Decatur, Georgia 30034.

10.

Wearing masks, Mr. Alexander and his children entered the restaurant to order their food "to go." As they approached the counter, a young female employee (who was not wearing a face covering), walked away from the register and a young man (who also was not wearing a face covering) approached the register and told Mr. Alexander and his family to go "around back" to order.

11.

Mr. Alexander was confused by this comment, as he did not want to go to the drive-through because his 2014 Dodge Durango SUV is a larger vehicle and not ideal in a drive-through lane.

12.

Mr. Alexander and his children noticed that there were white customers eating in the restaurant.  In disbelief Mr. Alexander went to his car with his children and sat in the parking lot for a few minutes, as he watched other (white) customers enter the Burger King, and then leave with to go orders.  After several minutes, he decided to return to the restaurant.

13.

Mr. Alexander asked to speak with the manager, explaining that he did not want to dine in the restaurant, but wanted to order the food to go.  Jane Doe, the female manager (who was also not wearing a face covering), approached and refused to serve Mr. Alexander at the counter.  When Mr. Alexander questioned her refusal to serve him at the counter, not only was he provided no satisfactory answer, but he was berated with racial slurs, including "n---r" and "black mother f----r," along with other profanity like "bitch mother f----r" and "stupid-ass bitch."  These words were said by Jane Doe and the young female employee in

front of the other (white) customers.  He asked for the
corporate office's telephone number, but the employees
refused to provide the number.  Mr. Alexander left the
restaurant.

14.

Within a hour, Mr. Alexander called Burger King's
corporate office and spoke with an executive manager.
During that call, each of Mr. Alexander's three children
talked to this executive manager, explaining that they were
not permitted to order food while the white people were
eating in the restaurant.  (Later this day, Mr. Alexander
participated in a conference call with the executive
manager, a district manager, and the store manager.)  The
executive manager pledged to look into the situation.

15.

A few days later, Mr. Alexander again spoke with the
executive manager who apologized for the incident, and asked
whether he would accept Burger King's offer of free food.

16.

Upon information and belief, Jane Doe and the other
employees involved in the incident are still employed by
Burger King and working at the same location weeks after the
incident.

17.

As a direct and proximate cause of the actions of the Burger King, Mr. Alexander, A.A., A.B., and A.C. have experienced humiliation, depression, extreme anxiety, and emotional distress.

## COUNT 1

(Tortious Misconduct - All Defendants)

18.

The plaintiff realleges each fact set forth in paragraphs 1 through 17 of this complaint and incorporates them here by reference.

19.

The defendants owed a duty to Mr. Alexander and his children, who were customers lawfully in the establishment by implied invitation for the purpose of transacting business, to protect them against the use of any discriminatory requirements tending to humiliate, mollify, and wound their feelings.

20.

The defendants breached that duty by refusing to properly serve Mr. Alexander and his children and publicly humiliating and causing them to suffer great damages.

## COUNT 2

(Negligence - Burger King)

21.

The plaintiff realleges each fact set forth in paragraphs 1 through 17 of this complaint and incorporates them here by reference.

22.

Burger King owed a duty to properly serve Mr. Alexander and his children their food in a safe and a reasonable manner.

23.

Burger King breached its duty when it publicly humiliated Mr. Alexander and his children with racial epithets.

24.

Burger King's acts were a direct and proximate cause of harm to Mr. Alexander and his children.

25.

Burger King has caused Mr. Alexander and his children significant damages for which the plaintiff is entitled to relief.

## COUNT 3

(O.C.G.A. § 51-12-5.1: Punitive Damages – All Defendants)

26.

The plaintiff realleges each fact set forth in paragraphs 1 through 17 of this complaint and incorporates them here by reference.

27.

The defendants actions described in this complaint were willful and intentional misconduct, malice, wantonness, oppression or, at the very least, displayed a want of care showing a conscious indifference to consequences as contemplated under O.C.G.A. § 51-12-5.1.

COUNT 4

(O.C.G.A. § 13-6-11: Attorney's Fees - All Defendants)

28.

The plaintiff realleges each fact set forth in paragraphs 1 through 17 of this complaint and incorporates them here by reference.

29.

By their acts and omissions specified above, as well as other conduct, the defendants have acted in bad faith, and have caused the plaintiff unnecessary trouble and expense.

30.

As a result of the defendants' actions, the plaintiff is entitled to recover his actual expenses of litigation, including attorney's fees, from the defendants.

**WHEREFORE**, the plaintiff prays:

(a)   that as to Counts 1 through 3, the Court award the plaintiff compensatory and punitive damages (see

Count 3) against the defendants for the wrongful acts and omissions of its employee/servant/agent (Jane Doe), in an amount to be determined by the enlightened conscience of an impartial jury;

(b)   that as to Count 4, the Court award the plaintiff reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(c)   that the plaintiff be granted a trial by jury on all issues so triable; and

(d)   that the plaintiff be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,


BY: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657


Wiggins Law Group, LLC
Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303
Telephone: (404) 659-2880
cary@wigginslawgroup.com

STATE COURT OF
DEKALB COUNTY, GA.
3/8/2021 11:33 AM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ADRIAN ALEXANDER,   )
Individually and as parent, guardian, )
and next friend of A.A., A.B., and )
A.C., minor children,    )
           )
  Plaintiffs,     )
           )  Civil Action File No. 21A01150
v.          )
           )
BURGER KING CORPORATION, )
PREMIER KINGS OF GEORGIA, )
INC. and JANE DOE,    )
           )
  Defendants.    )

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW Burger King Corporation ("Burger King") and Premier Kings of Georgia, Inc. ("Premier Kings") (collectively the "Defendants"), and pursuant to O.C.G.A. § 9-11-12, Burger King and Premier Kings file this Answer to Plaintiff Adrian Alexander's ("Plaintiff") Complaint, brought individually and on behalf of A.A., A.B., and A.C., minor children (collectively "Plaintiffs"), responding to the allegations as follows:

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

1

## SECOND DEFENSE

At all times, Defendants' actions with regard to Plaintiffs have been in conformance with all applicable laws, rules, and regulations, and Plaintiffs' rights have not been otherwise violated. Defendants fulfilled all obligations owed to Plaintiffs under applicable law.

## THIRD DEFENSE

There has been a misjoinder of parties as to Burger King.

## FOURTH DEFENSE

No act or omission of Defendants either proximately caused or contributed to any injuries or damages allegedly incurred by Plaintiffs; therefore, Plaintiffs have no right of recovery against Defendants.

## FIFTH DEFENSE

Any of Defendants' actions were wholly unrelated to Plaintiffs' races or any other characteristic protected by law.

## SIXTH DEFENSE

Any action taken by Defendants affecting Plaintiffs were taken for legitimate, non-discriminatory reasons and they did not violate any legal right possessed by Plaintiffs.

## SEVENTH DEFENSE

Defendants never, either intentionally or willfully, violated Plaintiffs' rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiffs. At no time did Defendants act with any intent to injure or otherwise cause harm to Plaintiffs.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive, actual, special, exemplary, liquidated, and/or compensatory damages.

## NINTH DEFENSE

Any damages that Plaintiffs suffered were the direct and proximate result of their own actions or inactions.

## TENTH DEFENSE

Plaintiffs' damages are capped by applicable federal and/or state law.

## ELEVENTH DEFENSE

All or part of Plaintiff's Complaint is barred by the doctrines of consent, waiver, laches, estoppel, license, justification, avoidable consequences, and/or unclean hands.

## TWELFTH DEFENSE

Venue is improper as to all Defendants.

3

## THIRTEENTH DEFENSE

Venue is inconvenient as to Defendant Burger King.

## FOURTEENTH DEFENSE

Defendants plead all affirmative defenses which they may be required to plead pursuant to and as provided by O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12 (b) and (h) and incorporate all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled. Defendants specifically reserve the right to amend defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## FIFTEENTH DEFENSE

Defendant asserts and pleads any and all affirmative defenses provided under O.C.G.A. § 9 11-8(c) and O.C.G.A. §9-11-12 (b) and (h).

## SIXTEENTH DEFENSE

The imposition of punitive damages against Defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## SEVENTEENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to Defendants, to the

United States and Georgia Constitutions, and the imposition of punitive damages against Defendants is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

### EIGHTEENTH DEFENSE

Plaintiffs are not entitled to punitive damages, but any punitive damages awarded are limited to a maximum of $250,000.

### NINETEENTH DEFENSE

Defendants reserve the opportunity to raise more affirmative defenses as they become apparent through discovery and do not waive any possible affirmative defense.

### RESPONSE TO THE NUMBERED ALLEGATIONS

Defendants respond to the numbered allegations of the Complaint as follows:

### NATURE OF THE CASE

1.

Paragraph 1 of Plaintiff's Complaint is an introductory paragraph that contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint.

## PARTIES

### 2.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and puts Plaintiff upon strict proof of same.

### 3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint and puts Plaintiff upon strict proof of same.

### 4.

Defendants admit Burger King is a Florida corporation registered to do business in Georgia, and that it can be served through its registered agent, The Corporation Company. Defendants deny all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

### 5.

Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint, but deny that Burger King and Premier Kings should be collectively referred to as "Burger King."

6.

Defendants admit Jane Doe was an employee of Premier Kings, but deny she was an employee of Burger King. Defendants generally admit the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

## VENUE

7.

Defendants generally admit the incident giving rise to this suit occurred in DeKalb County, but deny venue is proper in the State Court of DeKalb Court as asserted in Paragraph 7 of Plaintiff's Complaint.

## JURISDICTION

8.

Defendants deny this Court has jurisdiction as asserted in Paragraph 8 of Plaintiff's Complaint.

## FACTS

9.

Defendants admit Plaintiff came to the subject Burger King restaurant on or about July 18, 2020. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiff's Complaint and puts Plaintiff upon strict proof of same.

7

10.

Defendants deny Plaintiffs properly entered the restaurant, that the employees were not wearing face coverings, or that any employee told Plaintiff or his children to "go around back" to the extent Plaintiff insinuates this was a comment made with racist undertones and was not related to the drive-thru. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of Plaintiff's Complaint and puts Plaintiffs upon strict proof of same.

11.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint and puts Plaintiff upon strict proof of same.

12.

Defendants deny the allegation that "white customers" were arbitrarily served inside. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of Plaintiff's Complaint and puts Plaintiff upon strict proof of same.

13.

Defendants admit Plaintiff spoke with restaurant employees, which may have included Jane Doe. Defendants deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants admit Plaintiff contacted the corporate office on or about July 18, 2020, and that he spoke to various members of Premier Kings' leadership team. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of Plaintiff's Complaint and puts Plaintiff upon strict proof of same.

15.

Defendants admit Plaintiff spoke with Premier Kings' Regional Vice President after the incident, which included discussion of complimentary food for Plaintiff as alleged in Paragraph 15 of Plaintiff's Complaint. Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint and puts Plaintiffs upon strict proof of same.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

### COUNT I
### ALLEGED TORTIOUS MISCONDUCT
### AGAINST ALL DEFENDANTS

18.

Defendants incorporate their answers and defenses to Paragraphs 1-17 as if fully set forth herein.

19.

Paragraph 19 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny as phrased the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

## COUNT II
## ALLEGED NEGLIGENCE AGAINST BURGER KING
## AND PREMIER KINGS

### 21.

Defendants incorporate their answers and defenses to Paragraphs 1-20 as if fully set forth herein.

### 22.

Paragraph 22 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny as phrased the allegations contained in Paragraph 22 of Plaintiff's Complaint.

### 23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

### 24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

### 25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

11

## COUNT III
## ALLEGED PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

26.

Defendants incorporate their answers and defenses to Paragraphs 1-25 as if fully set forth herein.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## COUNT IV
## ALLEGED ATTORNEY'S FEES AGAINST ALL DEFENDANTS

28.

Defendants incorporate their answers and defenses to Paragraphs 1-27 as if fully set forth herein.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

In response to the "WHEREFORE" paragraph immediately following Paragraph 30 of Plaintiff's Complaint, including all subparts thereto, Defendants deny they are liable to Plaintiffs or that Plaintiffs are entitled to any relief from Defendants under any theory at law or in equity.

32.

Except as expressly admitted or otherwise stated in any of the preceding Paragraphs of this Answer, Defendants deny any and all other claims or allegations which are raised or may have been raised by or in Plaintiff's Complaint.

**WHEREFORE**, having fully answered the allegations in Plaintiff's Complaint, Defendants respectfully request that this Court:

1.     Dismiss with prejudice Plaintiff's Complaint in its entirety;

2.     Award Defendants their costs and expenses, including reasonable attorneys' fees; and,

3.     Award Defendants any other such relief as this Court deems just and proper.

Respectfully submitted, this the 9th day of April, 2021.

[Signature on following page]

13

**FREEMAN MATHIS & GARY, LLP**

/s *Kenneth G. Menendez*
Kenneth G. Menendez
Georgia Bar No. 502045
Taryn C. Haumann
Georgia Bar No. 957016
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
kmenendez@fmglaw.com
thaumann@fmglaw.com

STATE COURT OF
DEKALB COUNTY, GA.
4/9/2021 10:14 AM
E-FILED
BY: Patricia Harris

14

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANTS'**

**ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the

Odyssey E-filing system which will automatically send electronic mail notification of

such filing to counsel of record in this matter as follows:

> Cary Wiggins
> Wiggins Law Group, LLC
> 260 Peachtree Street NW
> Atlanta, GA 30303
> 404-659-2880
> cary@wigginslawgroup.com

Respectfully submitted, this the 9th day of April, 2021.

**FREEMAN MATHIS & GARY, LLP**

/s *Kenneth G. Menendez*
Kenneth G. Menendez
Georgia Bar No. 502045
Taryn C. Haumann
Georgia Bar No. 957016
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
kmenendez@fmglaw.com
thaumann@fmglaw.com

15

STATE COURT OF
DEKALB COUNTY, GA.
4/9/2021 10:14 AM
E-FILED
BY: Patricia Harris